OPINION
{¶ 1} This is an appeal from a judgment of the court of common pleas finding Defendant-Appellant, David I. Swayze, in contempt for his failure to comply with a prior final order of the court dated July 26, 2002. We affirmed that final order in a prior appeal. Davison v. Swayze (May 13, 2003), Montgomery App. No. 19516.
 {¶ 2} In its prior final order, the court ordered Swayze to remove a portion of a concrete walkway he had installed on his real property that also encroached on the real property of his neighbor, Plaintiff-Appellee, Talmadge Davison, Jr. In a subsequent proceeding, the court found that Swayze had failed to remove the encroachment as ordered and found him in contempt. In so doing, the court rejected Swayze's contention that his compliance with the court's order was rendered impossible by Davison's failure to provide him a copy of a survey delineating the boundary between their properties. The court noted that a copy of the survey is a part of the record, and that in any event it was Swayze's burden to remove the encroachment irrespective of any further action on the part of Davison.
 {¶ 3} On appeal, Swayze again raises the matter of impossibility, arguing that the trial court abused its discretion when it rejected his impossibility defense. However, whether it did necessarily turns on the testimony and other evidence that was presented to the trial court concerning his alleged contempt, and Swayze has failed to provide a transcript of the proceeding in which that evidence was presented. App.R. 9(B) imposes that duty on appellants. When it is not satisfied, we must indulge the presumption of regularity of proceedings before the trial courts and reject the error assigned.
 {¶ 4} The assignment of error is overruled. The judgment of the trial court will be affirmed.
Fain, J. And Donovan, J., concur.